## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )  Civil Action No.: 3:18-cv-1731 ) |
| **JDLB, INC,** a corporation **d/b/a/** **CHAVA'S MEXICAN RESTAURANT,** and **ELIZABETH BOHANNON**, an individual, | ) ) ) ) |
| Defendants. | ) |

## **COMPLAINT**

Plaintiff, **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor, brings this action to enjoin and restrain defendants **JDLB, INC, d/b/a CHAVA'S MEXICAN RESTAURANT,** an Illinois corporation, and **ELIZABETH BOHANNON,** an individual, (hereinafter collectively "Defendants"), from violating the provisions of sections 7, and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201, et seq.)(hereinafter "the Act"), pursuant to section 17 of the Act; and to recover unpaid overtime compensation owing to defendants' employees together with an equal additional amount as liquidated damages, pursuant to section 16(c) of the Act.

**I**

Jurisdiction of this action is conferred upon the Court by sections 16(c) and 17 of the Act and 28 U.S.C. § 1345.

II

(A)     Defendant, **JDLB, INC, d/b/a CHAVA'S MEXICAN RESTAURANT**, is and, at all times hereinafter mentioned, was an Illinois corporation with an office and a place of business at 217 E. Vandalia Street, Edwardsville, Illinois 62025, in Madison County, within the jurisdiction of this Court, and is and, at all times hereinafter mentioned, was engaged in operating a restaurant and in the performance of related types of activities.

(B)     Defendant, **ELIZABETH BOHANNON**, an individual, is and at all times hereinafter mentioned, was the owner of **JDLB, INC, d/b/a CHAVA'S MEXICAN RESTAURANT,** and was engaged in business within Madison County at 217 E. Vandalia Street, Edwardsville, Illinois 62025. At all times hereinafter mentioned, Elizabeth Bohannon acted directly or indirectly in the interest of **JDLB, INC, d/b/a CHAVA'S MEXICAN RESTAURANT** in relation to its employees, actively managing its day-to-day operations, supervising employees, and setting pay rates, and is an employer within the meaning of section 29 U.S.C. § 203(d) of the Act.

III

**JDLB, INC, d/b/a CHAVA'S MEXICAN RESTAURANT,** is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and is and, at all times hereinafter mentioned, was an enterprise within the meaning of section 3(r) of the Act.

IV

**JDLB, INC, d/b/a CHAVA'S MEXICAN RESTAURANT,** is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act in that said enterprise at all times hereinafter

mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.

## V

Defendants repeatedly and willfully violated the provisions of sections 7 and 15(a)(2) of the Act, by employing employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty (40) hours without compensating said employees for their employment in excess of forty (40) hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed.  Servers at the restaurant were paid straight time for all hours worked without compensating said employees at rates not less than one and one-half times their regular rates for their overtime hours. Furthermore, Defendants, failed to properly calculate the overtime premium for cooks when they worked over 80 hours in a pay period.  On occasion, Defendants failed to properly calculate the overtime premium, and to compensate certain other employees for hours worked in excess of forty (40) in a workweek at rates not less than one and one-half times their regular rates.

## VI

During the period since March 1, 2016, defendants have repeatedly and willfully violated the provisions of the Act as set forth above.  A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid overtime compensation found by the

court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act.

**WHEREFORE**, cause having been shown, plaintiff prays for judgment against defendants as follows:

**A.** For an Order pursuant to section 17 of the Act, permanently enjoining and restraining the defendants, their officers, agents servants, employees, and those persons in active concert or participation with them from prospectively violating the Act; and

**B.** For an Order:

**1.** pursuant to section 16(c) of the Act, finding defendants liable for unpaid overtime compensation due defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due their employees listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or, in the event liquidated damages are not awarded,

**2.** pursuant to section 17, enjoining and restraining the defendants, their officers, agents, servants, employees, and those persons in active concert or participation with defendants, from withholding payment of unpaid overtime compensation found to be due their employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

**C.** For an Order awarding plaintiff the costs of this action; and

**D.** For an Order granting such other and further relief as may be necessary and appropriate.

5

                                        **KATE S. O'SCANNLAIN**
                                        Solicitor of Labor

                                        **CHRISTINE Z. HERI**
                                        Regional Solicitor

P.O. ADDRESS:                        /s/Emelda Medrano
                                        **EMELDA MEDRANO**
Office of the Solicitor                Attorney
U.S. Department of Labor
230 S. Dearborn St., Room 844     Attorneys for **R. ALEXANDER ACOSTA**,
Chicago, Illinois 60604               Secretary of Labor, United States
Telephone no.:  312/353-1169      Department of Labor, Plaintiff
E-mail: Medrano.emelda@dol.gov